SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN CHANG and HONGYAN CHEN,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation,<br><br>Defendants. | No. C 07-3562 SBA<br><br>MOTION TO DISMISS THE COMPLAINT; AND [PROPOSED] ORDER<br><br>Date:    October 16, 2007<br>Time:    1:00 p.m.<br>Courtroom:    3, 3rd Floor |

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on October 16, 2007, at 1:00 p.m., before the Honorable Saundra B. Armstrong, Courtroom No. 3, 1301 Clay Street, Oakland, California 94612, Defendant Robert S. Mueller, Director of the Federal Bureau of Investigation, by his attorneys, Scott N. Schools, United States Attorney for the Northern District of California, and Melanie L. Proctor, Assistant U.S. Attorney, will move this Court for an order dismissing the Complaint pursuant to Fed. R. Civ. P. 12(b)(1). Defendant's Motion is based on this notice, the points and authorities in support of this motion, the pleadings on file in this matter, and on such oral argument as the Court may permit.

///

## II. INTRODUCTION

Plaintiff asks the Court to compel Defendants to adjudicate his adjustment of status application. However, the Federal Bureau of Investigation ("FBI") does not process immigration applications, and no court has found jurisdiction over the FBI in immigration cases. Accordingly, the Complaint against Robert S. Mueller should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## III. ARGUMENT

Since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act. See 6 U.S.C. §§ 271(b)(5), 557. Thus, the only relevant Defendant here is Michael Chertoff, in his capacity as Secretary of the Department of Homeland Security, and Defendant Robert S. Mueller should be dismissed. See Konchitsky v. Chertoff, No. C-07-00294 RMW, 2007 WL 2070325, at *6-7 (N.D. Cal. July 13, 2007); Dmitriev v. Chertoff, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007).

The FBI's investigation involves a discretionary function. See Yan v. Mueller, No. H-07-0313, 2007 WL 1521732, at *6 (May 24, 2007) ("The evidence shows that the delay is due, not only to the volume of requests that the FBI receives, but also to the FBI's exercise of discretion in determining the timing for conducting the many name check requests that it receives and the manner in which to conduct those checks."); Li v. Chertoff, et al., 482 F. Supp. 2d 1172, 1179 (S.D. Cal. 2007) ("Additionally, Plaintiff has not pointed to any statute or regulation requiring the FBI to complete her name check in any period of time, reasonable or not."); Sozanski v. Chertoff, et al., No. 06-cv-0993, 2006 WL 4516968, at *1 (N.D. Tex. Dec. 11, 2006) (holding that federal district courts lack jurisdiction to compel the FBI to perform name checks in adjustment of status cases). The APA precludes review of agency actions that are committed to agency discretion by law. 5 U.S.C. § 701(a)(2).

Furthermore, mandamus is an "extraordinary remedy" available only to compel a "clear, nondiscretionary duty." Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988); Zahani v. Neufield, No. 6:05 CV 1857, 2006 WL 2246211, at *2-*3 (M.D. Fla. June 26, 2006) (holding that, because alleged delay resulted from need for FBI background checks, "even if this Court could intervene, it would not."). Plaintiff identities no law or regulation that imposes a nondiscretionary

duty upon the FBI to complete Plaintiff's background check immediately or in a certain manner. Accordingly, mandamus is unavailable because the FBI already is taking action, and Plaintiff "simply wish[es] to force [the FBI] to [act] in a more expeditious manner." Mustafa v. Pasquerell, No. SA05CA-658-XR, 2006 WL 488399, at *5 (W.D. Tex. Jan. 10, 2006).

## IV.   CONCLUSION

For the foregoing reasons, Defendant Robert S. Mueller respectfully asks the Court to dismiss the Complaint.

Dated: September 10, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

_____/S/_____
MELANIE L. PROCTOR
Assistant U.S. Attorney
Attorneys for Defendants