SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN CHANG and HONGYAN CHEN,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation,<br><br>　　　　Defendants. | No. C 07-3562 SBA<br><br>[PROPOSED] ORDER ON DEFENDANT ROBERT S. MUELLER'S MOTION TO DISMISS |

## I. BACKGROUND

Plaintiff asks the Court to compel Defendants to adjudicate his adjustment of status application. Defendant Robert S. Mueller contends that because the Federal Bureau of Investigation ("FBI") does not process immigration applications, and no court has found jurisdiction over the FBI in immigration cases, the Complaint against Robert S. Mueller should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## II. LEGAL STANDARD

A challenge to the court's jurisdiction under Rule 12(b)(1) may be either on the face of the pleadings (a facial attack) or by presenting extrinsic evidence to refute the facts alleged in the complaint (a factual attack). White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack,

the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack, the court accepts as true the factual allegations in the plaintiff's complaint. Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Here, Defendant Robert S. Mueller's motion to dismiss presents a facial attack on Plaintiffs' Complaint. Thus, the Court will accept as true Plaintiffs' factual allegations.

### III. ANALYSIS

Since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act. See 6 U.S.C. §§ 271(b)(5), 557. Furthermore, the FBI's investigation involves a discretionary function. See Yan v. Mueller, No. H-07-0313, 2007 WL 1521732, at *6 (May 24, 2007) ("The evidence shows that the delay is due, not only to the volume of requests that the FBI receives, but also to the FBI's exercise of discretion in determining the timing for conducting the many name check requests that it receives and the manner in which to conduct those checks."); Li v. Chertoff, et al., 482 F. Supp. 2d 1172, 1179 (S.D. Cal. 2007) ("Additionally, Plaintiff has not pointed to any statute or regulation requiring the FBI to complete her name check in any period of time, reasonable or not."); Sozanski v. Chertoff, et al., No. 06-cv-0993, 2006 WL 4516968, at *1 (N.D. Tex. Dec. 11, 2006) (holding that federal district courts lack jurisdiction to compel the FBI to perform name checks in adjustment of status cases). The APA precludes review of agency actions that are committed to agency discretion by law. 5 U.S.C. § 701(a)(2).

Mandamus is an "extraordinary remedy" available only to compel a "clear, nondiscretionary duty." Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988); Zahani v. Neufield, No. 6:05 CV 1857, 2006 WL 2246211, at *2-*3 (M.D. Fla. June 26, 2006) (holding that, because alleged delay resulted from need for FBI background checks, "even if this Court could intervene, it would not."). Plaintiff identities no law or regulation that imposes a nondiscretionary duty upon the FBI to complete Plaintiff's background check immediately or in a certain manner. Accordingly, mandamus is unavailable because the FBI already is taking action, and Plaintiff "simply wish[es] to force [the FBI] to [act] in a more expeditious manner." Mustafa v. Pasquerell, No. SA05CA-658-

XR, 2006 WL 488399, at *5 (W.D. Tex. Jan. 10, 2006). Because the FBI does not process immigration applications, and because the FBI's investigation involves a discretionary function, Defendant Robert S. Mueller shall be dismissed from the Complaint. Konchitsky v. Chertoff, No. C-07-00294 RMW, 2007 WL 2070325, at *6-7 (N.D. Cal. July 13, 2007); Dmitriev v. Chertoff, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007)

### IV. CONCLUSION

For the foregoing reasons, the Complaint against Defendant Robert S. Mueller is hereby DISMISSED WITH PREJUDICE.

Dated: October __, 2007

_____
SAUNDRA B. ARMSTRONG
United States District Judge