1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
6    Telephone: (415) 436-6730
     FAX: (415) 436-6927
7
   Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                          OAKLAND DIVISION
11
   STEPHEN CHANG and HONGYAN    )        No. C 07-3562 SBA
12 CHEN,                        )
                                )
13            Plaintiffs,        )
                                )
14    v.                        )        [PROPOSED] ORDER ON
                                )        DEFENDANTS' MOTION FOR
15 MICHAEL CHERTOFF, Secretary,  )        SUMMARY JUDGMENT
   Department of Homeland Security; )
16 ROBERT S. MUELLER, III, Director of the )
   Federal Bureau of Investigation, )
17                              )
              Defendants.        )
18 _____ )

19                    I.    BACKGROUND

20        Plaintiffs asks the Court to compel Defendants to adjudicate Plaintiff Chen's adjustment of

21 status application.  Defendants contend first, that the Complaint against Defendant Mueller should

22 be dismissed, and second, that because Plaintiff's application has been pending for less than two

23 years, the Court should grant Defendant Chertoff's motion for summary judgment.  The Court

24 agrees.

25                    II.    LEGAL STANDARD

26    A.    MOTION TO DISMISS

27        A challenge to the court's jurisdiction under Rule 12(b)(1) may be either on the face of the

28 pleadings (a facial attack) or by presenting extrinsic evidence to refute the facts alleged in the

1   complaint (a factual attack). <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack,

2   the challenger asserts that the allegations contained in a complaint are insufficient on their face to

3   invoke federal jurisdiction." <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).

4   In evaluating a facial attack, the court accepts as true the factual allegations in the plaintiff's

5   complaint. <u>Miranda v. Reno</u>, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Here, Defendant Robert S.

6   Mueller's motion to dismiss presents a facial attack on Plaintiffs' Complaint. Thus, the Court will

7   accept as true Plaintiffs' factual allegations.

8          B.     <u>MOTION FOR SUMMARY JUDGMENT</u>

9          Summary judgment is appropriate when the "pleadings, depositions, answers to

10  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

11  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

12  of law." Fed. R. Civ. P. 56(c). An issue is genuine only if there is sufficient evidence for a

13  reasonable fact finder to find for the non-moving party. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477

14  U.S. 242, 248-49 (1986). A fact is material if the fact may affect the outcome of the case. <u>See</u> <u>id.</u>

15  at 248. The Ninth Circuit has declared that "[i]n considering a motion for summary judgment, the

16  court may not weigh the evidence or make credibility determinations, and is required to draw all

17  inferences in a light most favorable to the non-moving party." <u>Freeman v. Arpaio</u>, 125 F.3d 732,

18  735 (9th Cir. 1997). A principal purpose of the summary judgment procedure is to identify and

19  dispose of factually unsupported claims. <u>See</u> <u>Celotex Corp. v. Cattrett</u>, 477 U.S. 317, 323-24 (1986).

## III.   ANALYSIS

21         A.     <u>MOTION TO DISMISS</u>

22         Since March 1, 2003, the Department of Homeland Security has been the agency responsible

23  for implementing the Immigration and Nationality Act. <u>See</u> 6 U.S.C. §§ 271(b)(5), 557.

24  Furthermore, the FBI's investigation involves a discretionary function. <u>See</u> <u>Yan v. Mueller</u>, No. H-

25  07-0313, 2007 WL 1521732, at *6 (May 24, 2007) ("The evidence shows that the delay is due, not

26  only to the volume of requests that the FBI receives, but also to the FBI's exercise of discretion in

27  determining the timing for conducting the many name check requests that it receives and the manner

28  in which to conduct those checks."); <u>Li v. Chertoff, et al.</u>, 482 F. Supp. 2d 1172, 1179 (S.D. Cal.

1   2007) ("Additionally, Plaintiff has not pointed to any statute or regulation requiring the FBI to

2   complete her name check in any period of time, reasonable or not."); Sozanski v. Chertoff, et al.,

3   No. 06-cv-0993, 2006 WL 4516968, at *1 (N.D. Tex. Dec. 11, 2006) (holding that federal district

4   courts lack jurisdiction to compel the FBI to perform name checks in adjustment of status cases).

5   The APA precludes review of agency actions that are committed to agency discretion by law.

6   5 U.S.C. § 701(a)(2).

7       Mandamus is an "extraordinary remedy" available only to compel a "clear, nondiscretionary

8   duty." Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988); Zahani v. Neufield, No. 6:05 CV

9   1857, 2006 WL 2246211, at *2-*3 (M.D. Fla. June 26, 2006) (holding that, because alleged delay

10  resulted from need for FBI background checks, "even if this Court could intervene, it would not.").

11  Plaintiff identities no law or regulation that imposes a nondiscretionary duty upon the FBI to

12  complete Plaintiff's background check immediately or in a certain manner.    Accordingly,

13  mandamus is unavailable because the FBI already is taking action, and Plaintiff "simply wish[es]

14  to force [the FBI] to [act] in a more expeditious manner." Mustafa v. Pasquerell, No. SA05CA-658-

15  XR, 2006 WL 488399, at *5 (W.D. Tex. Jan. 10, 2006).    Because the FBI does not process

16  immigration applications, and because the FBI's investigation involves a discretionary function,

17  Defendant Robert S. Mueller shall be dismissed from the Complaint. Konchitsky v. Chertoff, No.

18  C-07-00294 RMW, 2007 WL 2070325, at *6-7 (N.D. Cal. July 13, 2007); Dmitriev v. Chertoff, No.

19  C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007).

20      B.    MOTION FOR SUMMARY JUDGMENT

21      No court has declared that a delay of under two years is unreasonable.  Here, Plaintiffs'

22  application has been pending for less than two years.  Accordingly, Plaintiffs have failed to establish

23  the existence of an unreasonable delay. Telecomm. Research and Action Ctr. v. FCC, 750 F.2d 70,

24  80 (D.C. Cir. 1984).  Moreover, having failed to establish an unreasonable delay, Plaintiffs have

25  failed to establish the extraordinary circumstances necessary to justify the issuance of a writ of

26  mandamus. Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003).

27  ///

28  ///

[PROPOSED] ORDER
07-3562 SBA                                    3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment is DENIED.  The Complaint against Defendant Robert S. Mueller is hereby DISMISSED WITH PREJUDICE. Defendant Chertoff's Motion for Summary Judgment is hereby GRANTED.

Dated: October __, 2007

_____
SAUNDRA B. ARMSTRONG
United States District Judge

[PROPOSED] ORDER
07-3562 SBA                    4