1   JUSTIN X. WANG (CSB #166183)
    PEGGY A. SHIH (CSB#197545)
2   **BAUGHMAN & WANG**
    111 Pine Street, Suite 1350
3   San Francisco, California 94111
    Telephone: (415) 576-9923
4   Facsimile:  (415) 576-9929

5   Attorneys for Plaintiffs

6              **UNITED STATES DISTRICT COURT**

7             **NORTHERN DISTRICT OF CALIFORNIA**

8                  **OAKLAND DIVISION**

9

|  |  |
|---|---|
| Stephen CHANG and Hongyan CHEN, | Case No.: C 07-3562 SBA |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; ROBERT S. MUELLER, Director of Federal Bureau of Investigation, | District Judge: Sandra B. Armstrong Date: October 16, 2007 Time: 1:00 p.m. Courtroom: 3, 3rd Floor |
| Defendants. | |

17      Plaintiffs Stephen CHANG and Hongyan CHEN, through undersigned counsel, file this

18   opposition to Defendants motion for an order dismissing the action pursuant to Rule 12(b)(1) of

19   the Federal Rule of Civil Procedure.  In its Motion to Dismiss, Defendants asserts that the Court

20   lacks  jurisdiction over the Federal Bureau of Investigation ("FBI") in the instant action.  Plaintiffs

21

22   maintain that the Court retains jurisdiction over the action because mandamus does lie and

23   Defendants, the United State Citizenship Immigration Services ("USCIS") has a non-discretionary

24   duty to adjudicate the Forms I-130 and I-485, inclusive of the FBI's non-discretionary duty to

25   conduct the name check within a reasonable time.  Plaintiffs are requesting that Defendants take

26   action as delegated to them under relevant statutes, regulation, and case law.

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### ARGUMENT

Under 28 U.S.C. § 1361, district courts have original jurisdiction to compel an officer of the United States to perform his duty.  Mandamus relief is appropriate when: 1) the plaintiff has a clear right to the relief requested; 2) the defendant has a clear duty to act; and 3) no other adequate remedy is available. *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003); *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003).  In other words, a writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  While the duty is often mandatory or ministerial, the duty may also be in the exercise of discretion.  Although an officer may have discretion to adjudicate an application, it has a non-discretionary duty to process the application.  Failure to perform such duties can be contrary to law for mandamus to lie. *Davis v. Shultz*, 453 F.2d 497, 502 (3rd Cir. 1971), *Naporano Metal and iron Company v. Secretary of Labor*, 529 F.2d 537, 541 (3rd Cir. 1976).  Jurisdiction exists to challenge a United States official's authority to "take or fail to take an action as opposed to a decision taken within … discretion." *Patel v. Reno*, 134 F.3d 929, 931-932 (9th Cir. 1997).  Plaintiffs are not challenging a decision within the discretion of the officer, but challenging Defendants failure to make a decision on their adjustment of status applications, including completion of the FBI's name check.  It is a distinction between the duty to take some discretionary action as opposed to the actual discretionary decision itself.

Courts have also found jurisdiction under 28 U.S.C. § 1331 and the Administrative Procedure Act (APA). *Saleh v. Ridge*, 367 F. Supp. 2d 508, 512 (S.D.N.Y. 2005); *Wang v. Reno*, No. 01 CIV. 1698(BSJ), 2001 WL 1150343, at *1 (S.D.N.Y. Sept. 27, 2001).  The APA provides a cause of action when the government unreasonably delays actions or fails to act altogether.  5

1  U.S.C. §§ 555(b) and 706(1). The APA states that federal courts can "compel agency action

2  unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1). Agency action also includes

3
   the "failure to act." 5 U.S.C. § 551(13). The APA imposes a clear duty on Defendants to act on
4
   Plaintiffs' applications and to complete a name check. Administrative agencies [such as the FBI]
5
6  do not have a discretion to "avoid discharging the duties that Congress intended them to perform."

7  *Yu v. Brown,* 36 F. Supp. 2d 922, 931 (D.M.M. 1999).

8         The Defendants argue that this Court lacks jurisdiction to review because the FBI's

9
   investigation involves a discretionary function. The FBI name check is a security check utilized
10
   by the USCIS to investigate the background of applicants. *Toor v. Still,* 2007 WL 2028407, at *1
11
12 (N.D. Cal. 2007). The FBI operates under a direct and specific statutory mandate whereby it is

13 required to act on, and provide information in response to requests from other federal agencies,

14 including the USCIS. Section 28 U.S.C. § 534(a)(4) provides that, under the direction of the

15 Attorney General, the FBI shall "exchange such records and information with, and for the official

16
   use of, authorized officials of the Federal Government... ." Furthermore, "the Director of the
17
   Federal Bureau of Investigation shall provide the Department of State and the Services [USCIS]
18
19 access to the criminal history record information contained in the National Crime Information

20 Center's Interstate Identification Index (NCIC-III), Wanted Person File, and to any other files

21 maintained by the National Crime Information Center." 8 U.S.C. § 1105(b)(1). *See Singh,* 470

22 F.Supp.2d at 1068. Moreover, the FBI must make a diligent presentation of updated information
23
   to USCIS. Section 8 U.S.C. § 1105(3) provides that "The Federal Bureau of Investigation shall
24
   provide periodic updates of the extracts at intervals mutually agreed upon with the agency
25
26 receiving the access." As a whole, these statutory provisions provide a direct and unequivocal

27 mandate to the FBI to provide current information to USCIS. The Defendant FBI therefore

28 operates under a direct statutory mandate to provide information upon request from federal

1    agencies without unreasonable delay.  Plaintiffs are simply requesting that Defendant FBI carry

2    out functions as delineated by Congress and at the specific request of USCIS.

3            An agency's mandatory duty to act may be expressed in a single statute or from several

4    Congressional enactments which, read together, clearly imply a mandatory duty.  *Kaplan v.*

5    *Chertoff*, 481 F. Supp. 2d 370, 400 (E.D.Pa. 2007).  Despite the relatively precise provisions that

6

7    directly deals with the FBI, including 8 U.S.C. § 1252(a)(2)(B), 28 U.S.C. § 534(a)(4), and 8

8    U.S.C. §§ 1105(b)(1) and 1101(3), the *Kaplan* court, after careful analysis of several

9    congressional schemes, held that Congress has, by implication, imposed on the FBI a mandatory

10   duty to complete the background checks (Pub. L No. 101-515, 104 Stat, 2101, 2112 (1990) and 8

11

12   CFR §§ 316.4, 334.2 and 72 Fed. Reg. 4888-01 (proposed Feb. 1, 2007).  As a result, the FBI has

13   a clear, non-discretionary duty to complete the name check.

14           Although there is no specified deadline within 8 U.S.C. § 1105(3), a name check request

15   should be completed within a reasonable time.  This time requirement can be paralleled to the

16   interpretation of 8 U.S.C. § 1255, whereby it has been determined by adjudication that an agency

17   must act within a reasonable time despite the fact that no specific time appears on the face of this

18

19   statute.  *Yu*, 36 F. Supp. 2d at 932; *Agbemaple v. Ins.*, No. 97 C 8547, 1998 WL 292441, at *2

20   (N.D. Ill. 1998).  The lack of a specified deadline within the statute does not lessen Defendants

21   duty to Plaintiffs to adjudicate their petition.  *Razaq v. Poulous*, 2007 WL 61844, at *4 (N.D. Cal.

22   Jan. 8, 2007)("The fact that neither the statute nor regulations establish a specific deadline does

23   not change the character of the duty itself ... Congress expected the executive branch to receive

24   applications of this kind and then to 'adjudicate' them to decision.").  Furthermore, a general

25   timing provisions for agencies is provided within the APA at 5 U.S.C. § 555(b), which states that

26

27   agency action should be concluded within a reasonable time.  *See Forest Guardians v. Babbitt*,

28   174 F.3d 1178, 1190 (10th Cir. 1999).  As an officer of the United States, the FBI has a mandatory

1  duty and obligation to also act within a reasonable period of time. 5 U.S.C. § 555(b). Allowing

2  the Defendant FBI an unlimited amount of time to process a name check request would be

3  contrary to the "reasonable time" frame mandated under 5 U.S.C. § 555(b) and 5 U.S.C. § 706(1)

4
   and thus could ultimately negate the Defendant FBI's duty under 8 U.S.C. § 1105. *Dong v.*
5
6  *Chertoff,* 2007 WL 2601107, at \*11 (N.D. Cal. Sept. 6, 2007)(under the APA, a court "shall"

7  compel agency action unlawfully withheld or unreasonably delayed); *Gelfer v. Chertoft,* 2007 WL

8  902382, at \*2 (N.D. Cal. March 22, 2007)(allowing the respondents a limitless amount of time to

9
   adjudicate petitioner's application would be contrary to the "reasonable time" frame mandated
10
11 under 5 U.S.C. § 555(b) and, ultimately, could negate the USCIS's duty under 8 C.F.R.

12 245.2(a)(5)).

13        The Defendants have a statutorily prescribed duty to adjudicate adjustment of status

14 applications and conduct a name check request "within a reasonable time." Because of the length

15 of delay by Defendants, Plaintiffs are seeking an order from this Court to compel the USCIS to

16 adjudicate the application and the FBI to complete the necessary name check.

17
          In a recent mandamus case decided before this Court, where an FBI check caused a delay
18
19 in processing, the Court granted summary judgment compelling the defendants to adjudicate two

20 I-485 applications. *Singh,* 470 F.Supp.2d at 1068. The Court asserted that even though the FBI

21 was not directly named in the mandamus suit, its conduct would properly be within the scope of

22 the complaint if it were determined that it was largely responsible for the delay. The Court

23 asserted that the critical issue "is not whether a particular branch of federal government is

24 responsible for the delay; it is whether the individual petitioner versus the government *qua*

25 government is responsible." *Id. See Paunescu v. INS,* 76 F.Supp.2d 896, 903 (N.D. Ill. 1999)

26
27 (rejected the defendants' attempt "to deftly transfer blame and responsibility from one government

28 entity to another" as a "shell game" because "the INS, the FBI, and the State Department are all

arms of the United States of America."). This Court ultimately determined that both the USCIS and FBI had a duty to process name checks within a reasonable time. *Singh*, 470 F. Supp. 2d at 1068.

The Defendants contend that one of the reasons for the delay of the name check is due to "the volume of requests that the FBI receives." Motion To Dismiss, p. 3. This Court in *Singh* asserted that "mere invocation of national security is not enough to render agency delay reasonable per se." 470 F.Supp.2d at 1069. Furthermore, this Court recently asserted that it "is not in a position to relieve the Defendant of their obligation to comply with their mandatory duties." *Dong*, 2007 WL 2601107, at *11.

Defendants argue that in essence mandamus in unavailable because the FBI already is taking action. Motion to Dismiss, p. 3. However, the word "action" connotes some affirmative conduct by the FBI. Black's Law Dictionary defines "action" as "[t]he process of doing something; conduct or behavior." BLACK'S LAW DICTIONARY 28 (7th ed. 1999). Although not specified, it seems that the Defendants are referring to the word "action" in 8 U.S.C. § 1252(a)(2)(B). However, this Court has determined that "action" as it appears in the statute should not be equated with "inaction," and "indefinite inaction" should not be construed as falling under the discretion accorded to the FBI. See *Dong*, 2007 WL 2601107, at *6 (Court is also unpersuaded by the argument that the word "action" in section 1252(a)(2)(B)(ii) should be broadly construed as divesting the courts of jurisdiction to review any matter related to reviewing applications, including the pace of review."). Defendants have failed to provide specific evidence if any action has been taken, why the name check has not been completed, or whether Defendants are diligent in trying to complete the name check.

Defendants further contend that Plaintiffs simply wish to force the FBI to act in a more expeditious manner. Motion to Dismiss, p.3. However, Plaintiffs are not seeking to jump ahead

1  of others, but merely that the Defendant FBI fulfill their duty to act on the name check.  Without

2  the relief of mandamus, the FBI could withhold or fail to complete a name check request

3  indefinitely.  *See Dong*, 2007 WL 2601107, at *12 (these plaintiffs have more than "waited their

4  turn," having seen millions of later-filed applications processed before theirs).

5

6        Plaintiffs can demonstrate that Defendants have a mandatory non-discretionary duty to

7  adjudicate the Forms I-130 and I-485, as well as to complete the name check.  Plaintiffs filed their

8  case over 19 months ago.  As Plaintiffs have complied with the requirements for eligibility under

9  the statute, the responsibility for the delay rests entirely with Defendants.  Defendants cannot

10  merely continue the interminable delay in Plaintiffs' applications.  Absent the court's order, the

11  applications and name check are likely to continue pending without completion and thus,

12  Plaintiffs have no other adequate remedy available.  The Mandamus Act and the APA provide a

13  check on both the USCIS and FBI for its failure to fulfill their duties, namely their failure to act

14  within a reasonable time.

15

16                                    **CONCLUSION**

17        The relevant statutes and case law, including recent cases in this district, indicate that the

18  Court has jurisdiction to hear such cases and to compel Defendants to perform their non-

19  discretionary duty to adjudicate the Forms I-130 and I-485, including the completion of the name

20  check.  The APA provides a general timing provision with respect to reasonable time for agency

21  action.  Whether Defendants delay is unreasonable is to be determined on a case-by-case basis and

22  through consideration of multiple factors.

23        For the foregoing reasons, Plaintiffs respectfully request this Court deny Defendants'

24

25  Motion to Dismiss as mandamus lies to compel the Defendants to take action, including the

26  completion of the name check.

27

28  Dated: September 24, 2007                         Respectfully submitted,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____/s/_____
Justin X .Wang, Esq.
Attorney for Plaintiffs