**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

STEPHEN CHANG AND HONGYAN CHEN,   No. C 07-3562 SBA

   Plaintiffs,   **ORDER FOR ADDITIONAL BRIEFING**

 v.

MICHAEL CHERTOFF, *et al.*,

   Defendants.

---

  Before the Court is plaintiffs Stephen Chang and Hongyan Chen's motion for summary judgment [Docket No. 5] on their complaint asserting that the defendants have unlawfully failed to process their I-485 and I-130 applications for an adjustment of status of Chen. The plaintiffs' applications have now been pending for one year and eight months due to delays in the processing of a "name check." Defendant Robert S. Mueller, III, Director of the Federal Bureau of Investigation, has submitted a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) [Docket No. 6]. Both defendant Michael Chertoff, Secretary of the Department of Homeland Security, and Mueller have filed a cross-motion for summary judgment [Docket No. 9], arguing that the Court lacks jurisdiction to compel them to process the plaintiffs' pending applications.

  Plaintiff Stephen Chang is a citizen of the United States. His wife, Hongyan Chen, is a citizen of the People's Republic of China. On February 1, 2006, Chang filed a form I-130, Petition for Alien Relative, or visa petition, on behalf of his wife. On the same day, Chen filed a form I-485, which is an application to adjust her status to become a lawful permanent resident of the United States. On February 10, 2006, the United States Citizenship and Immigration Services (USCIS) submitted a name check request to the Federal Bureau of Investigation (FBI). The plaintiffs were interviewed at the San Francisco office of the USCIS on May 17, 2006, about their applications. The plaintiffs' applications are ready to be adjudicated, save for a required security check, known as a "name check," to be done by the FBI. According to the defendants, "[o]nce the FBI name check in this case has been completed, USCIS will promptly adjudicate Plaintiffs' applications." Docket No. 9, at 7.

The FBI name check is one of several security checks utilized by the USCIS to investigate the background of applicants. *See Toor v. Still*, 2007 WL 2028407, at *1 (N.D. Cal. 2007). The USCIS maintains that until it receives the completed name check from the FBI, it is prevented from adjudicating the plaintiffs' applications. Constance Yuen, the Ombudsman/District Adjudication Officer at the San Francisco district office of the USCIS declares:

> 19. The record reflects that on February 01, 2006, plaintiff CHEN filed an application for adjustment of status on Form I-485, Application to Register Permanent Residence or Adjust Status. Plaintiff CHEN applied for adjustment of status under Section 245 of the Immigration and Nationality Act ("INA"), based on her marriage to plaintiff Stephen CHANG, a United States citizen. A Petition for Alien Relative, Form I-130, filed by plaintiff CHANG was submitted in conjunction with the I-485 application and the visa petition is still pending adjudication. On February 10, 2006, a FBI Name Check was submitted electronically to the FBI.
>
> . . . .
>
> 20. To date, that adjustment application and the visa petition remain pending the completion of security checks. Once the required security checks are completed, the application of plaintiff CHEN and the visa petition of plaintiff CHANG will be adjudicated. Because the cases of the plaintiffs do not meet one of the above-mentioned expedite criteria, the agency is unable to request expedited security check clearance on their behalf. For this reason the USCIS is unable to adjudicate I-485 application for adjustment of status and the I-130 visa petition of the plaintiffs until such time when all security checks are complete.

Docket No. 9 (Yuen Decl. at ¶¶ 19, 20).

The Court has recently had occasion to explore the issue of subject matter jurisdiction over adjustment of status applications. *See Dong v. Chertoff*, 2007 WL 2601107, C 07-0266 (SBA) (N.D. Cal. Sept. 6, 2007). The Court found that 8 U.S.C. § 1252(a)(2)(B)(ii) does not deprive the Court of jurisdiction to hear an allegation that the determination of an application for adjustment of status has been unlawfully withheld. The Court held that the USCIS has a non-discretionary duty to act upon adjustment of status applications pursuant to 8 C.F.R. § 103.2(b)(18). If the USCIS fails to comply with 8 C.F.R. § 103.2(b)(18), then this Court has subject matter jurisdiction under either the Administrative Procedure Act (in conjunction with federal question jurisdiction, 28 U.S.C. § 1331), the mandamus statute, or both, to compel an agency action unlawfully withheld. Absent the issuance of a contrary holding by the Ninth Circuit, the Court is inclined to find that it has jurisdiction to hear the plaintiffs'

2

claims against the USCIS. Accordingly, in this order for additional briefing, the Court directs the parties to focus solely on the issue of jurisdiction over defendant Robert S. Mueller, III, in his capacity as Director of the FBI.

Defendant Mueller argues that since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act and therefore the only relevant defendant is Michael Chertoff in his capacity as Secretary of the Department of Homeland Security. Defendant Mueller further contends that the FBI's name check process is a discretionary function and therefore not within the purview of the APA or subject to mandamus.

Under 8 U.S.C. § 1103(a), "The Secretary of Homeland Security shall be charged with the administration and enforcement of this chapter [Immigration and Nationality] and all other laws relating to the immigration and naturalization of aliens, except insofar as this chapter or such laws relate to the powers, functions, and duties conferred upon the President, Attorney General, the Secretary of State, the officers of the Department of State, or diplomatic or consular officers: Provided, however, That determination and ruling by the Attorney General with respect to all questions of law shall be controlling." "The Federal Bureau of Investigation is in the Department of Justice" rather than in the Department of Homeland Security. 28 U.S.C. § 531.

The cases cited by the defendants finding that the FBI has no duty to process name checks have not considered the statutes cited by the plaintiffs and are therefore of limited value. For example, under 28 U.S.C. § 534(a), the Attorney General "shall" "acquire, collect, classify, and preserve identification, criminal identification, crime, and other records," and "shall" "exchange such records and information with, and for the official use of, authorized officials of the Federal Government, including the United States Sentencing Commission, the States, cities, and penal and other institutions." The subordinates of the Secretary of the Department of Homeland Security, *i.e*., the USCIS, requested the subordinates of the Attorney General, *i.e*., the FBI, to conduct a name check on plaintiff Chen on February 10, 2006.

1. Is there any dispute that the USCIS are authorized officials of the Federal Government who have requested records for their official use and that the Attorney General, and by

3

extension the FBI, has a statutory duty to "exchange" such records with the USCIS?

Second, under 8 U.S.C. § 1105(b)(1),

> The Attorney General and the Director of the Federal Bureau of Investigation shall provide the Department of State and the Service [the Immigration and Naturalization Service of the Department of Justice] access to the criminal history record information contained in the National Crime Information Center's Interstate Identification Index (NCIC-III), Wanted Persons File, and to any other files maintained by the National Crime Information Center that may be mutually agreed upon by the Attorney General and the agency receiving the access, for the purpose of determining whether or not a visa applicant or applicant for admission has a criminal history record indexed in any such file.

Until quite recently, the Immigration and Naturalization Service was an agency within the Department of Justice. The INS ceased to exist as an agency within the Department of Justice on March 1, 2003. The functions of the INS have since been assumed by three agencies within the Department of Homeland Security: USCIS; Immigration and Customs Enforcement; and Customs and Border Protection. *See* 6 U.S.C. §§ 101, 271, 291; *see also* Homeland Security Act of 2002, Pub. L. No. 107-296, 471(a), 116 Stat. 2135, 2205.

2.  Pursuant to 8 U.S.C. § 1105(b)(1), does the Attorney General and the Director of the FBI have a statutory duty to provide the USCIS access to criminal history records? Does this include name checks?

3.  May the FBI simply refuse to process name checks? If not, why not?

4.  What if the plaintiffs named the United States of America as a defendant? The APA provides that an action for judicial review of an agency's action "may be brought against the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703.

The plaintiffs are ORDERED to submit additional briefing, of no more than 15 pages, addressing the questions presented above by October 25, 2007. The defendant are ORDERED to submit additional briefing, of no more than 15 pages, addressing the questions presented above by November 8, 2007.

The hearing on the parties' pending motions scheduled for October 16, 2007, is VACATED.

IT IS SO ORDERED.

4

| | |
|---|---|
| October 10, 2007 | _Saundra B Armstrong_<br>Saundra Brown Armstrong<br>United States District Judge |