JUSTIN X. WANG (CSB #166183)
PEGGY A. SHIH (CSB#197545)
**BAUGHMAN & WANG**
111 Pine Street, Suite 1350
San Francisco, California 94111
Telephone: (415) 576-9923
Facsimile: (415) 576-9929

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

Stephen CHANG and Hongyan CHEN,

Plaintiffs,

vs.

MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; ROBERT S. MUELLER, Director of Federal Bureau of Investigation,

Defendants.

Case No.: C 07-3562 SBA

**PLAINTIFFS' ADDITIONAL BRIEFING**

On October 10, 2007, the Court requested additional briefing on the FBI's duty to process name check requests. What follows is Plaintiffs' response to the Court's questions which indicate the FBI name check process is within the purview of the Administrative Procedures Act and subject to mandamus.

**I. USCIS are authorized officials of the Federal Government who have requested records for their official use and that the Attorney General – by extension of the FBI – has a statutory duty to 'exchange' such records with the USCIS.**

The United States Citizenship and Immigration Service (USCIS) is an authorized official of the Federal Government who has requested records for their official use. Under the umbrella of the Federal Government, USCIS is a bureau of the United States Department of Homeland Security. Homeland Security Act of 2002, Pl 107-296 § 101(a); 6 U.S.C. § 271(a). USCIS is the federal agency that oversees immigration benefits and performs checks on every application. 6

U.S.C. § 271(b); USCIS Fact Sheet, "*Immigration Security Checks—How and Why the Process Works*," at 1 (April 25, 2006). It is USCIS policy to subject all adjustment-of-status applicants (Form I-485) to a name check.[1] In fact, the USCIS maintains that until it receives the completed name check from the FBI, it *will never* adjudicate an adjustment of status application. *Dong v. Chertoff*, 2007 WL 2601107, at *1 (N.D. Cal. 2007; USCIS Fact Sheet, at 1. In essence, the USCIS screens out applicants–via fingerprinting and name checks–who seek immigration benefits improperly or fraudulently." *See* 22 C.F.R. § 42.67 & USCIS Fact Sheet, at 1.

The primary statutory authority for federal criminal record-keeping activity is 28 U.S.C. § 534. The Attorney General of the United States is explicitly responsible under federal law for the collection and dissemination (i.e. exchange) of criminal records, whereby these duties have been delegated to the FBI. 28 U.S.C. § 534; 28 C.F.R. § 0.85. This implementing federal regulations provides:

> "Subject to the general supervision of the Attorney General, and under the direction of the Deputy Attorney General, the Director of the Federal Bureau of Investigation shall:
>
> (b) Conduct the acquisition, collection, exchange, classification, and preservation of identification records, including personal fingerprints voluntarily submitted, on a mutually beneficial basis, from law enforcement and other governmental agencies, railroad police, national banks, member banks of the Federal Reserve System, FDIC-Reserve-Insured Banks, and banking institutions insured by the Federal Savings and Loan Insurance Corporation.
>
> * * *
>
> (j) Exercise the power and authority vested in the Attorney General to approve and conduct the exchanges of identification records enumerated at 50.12(a) of this chapter.

[1] USCIS Memorandum, M. Aytes, "FBI Name Checks Policy and Process Clarification for Domestic Operations" (Dec. 21, 2006), at 2, *published on* AILA InfoNet at Doc. No. 07022660 (*posted* Feb. 26, 2007).

The court in *Hammons* held that the FBI serves as a national repository for criminal history record information and thus is responsible for the dissemination of such information upon request by authorized agencies for authorized purposes. *Hammons v. Scott*, 423 F.Supp. 625, 627-628 (D.C. Cal, 1976).

Furthermore, 28 U.S.C. § 534 clearly states that the FBI "shall" exchange records. The word "shall" connotes a mandatory duty on the FBI. In fact, the court in *Rosen* held that the word "*shall*" in 28 U.S.C. § 534 was "not merely an authorization but an imperative direction." *U.S. v. Rosen*, 343 F.Supp. 804, 806 (S.D.N.Y., 1972).

There is no dispute that USCIS is a subordinate of DHS, as there is no dispute that the FBI is a subordinate of the Attorney General. In their authorized capacity, USCIS made a name check request. The statute clearly and unambiguously sets out a non-discretionary duty by the FBI to exchange such records with USCIS.

**II. Pursuant to 8 U.S.C. § 1105(b)(1), the Attorney General and the Director of the FBI have a statutory duty to provide the USCIS access to criminal history records, which encompasses name checks.**

As custodians of the National Crime Information Center (NCIC) criminal history records, the FBI must process USCIS name check requests. 28 C.F.R. § 0.85(f); 8 U.S.C. § 1105(b)(1). The NCIC is a database that contains criminal history record information. Name check requests are processed through the NCIC. *See* 22 C.F.R § 42.67 (an automated database name check query indicates that an immigrant applicant may have a criminal history record indexed in an NCIC datatbase); 28 C.F.R. § 0.85(f). Therefore, access to the criminal history records encompasses name check requests.

Furthermore, the FBI has a statutory duty to provide USCIS access to this information. The statute provides that the FBI "*shall*" provide USCIS "access to the criminal history record information contained in the National Crime Information Center's Interstate Identification Index

(NCIC-III)." 8 U.S.C. § 1105(b)(1). Although there is no case on point interpreting 8 U.S.C § 1105(b)(1), the Supreme Court has held that if the intent of Congress is clear and unambiguously expressed by the statutory language at issue, that it would then be the end of the analysis. *See Chevron v. Natural Resources Defense Council*, Inc., 467 U.S. 837, 842-843 (1984). The statute at issue clearly and unambiguously provides that Congress has conferred a mandatory statutory duty on the FBI. Additionally, as mentioned above, the court in *Rosen*, held that the word "shall" in 28 U.S.C. § 534 was "not merely an authorization but an imperative direction." *U.S. v. Rosen*, 343 F.Supp. 804, 806 (S.D.N.Y., 1972). This interpretation of "shall" is also applicable to 8 U.S.C. § 1105(b)(1).

Therefore, the FBI, under an imperative direction, must provided the USCIS access to name checks via the NCIC criminal history database. The statute clearly and unambiguously sets out a non-discretionary duty to exchange such records, and as such the FBI cannot simply refuse to process a name check request.

**III. The United States may be named as a defendant and have a judgment or decree entered against, provided that the Court specifies the federal officer or officer by name or title who will be personally responsible to comply with the order.**

The Administrative Procedure Act (APA) provides that an action for judicial review of an agency's action "may be brought against the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703. Under the provisions of the APA, the United States may be named as a defendant and have a judgment or decree entered against. *Id.*; 5 U.S.C. § 702. A claim that an agency, officer or employee of the United States has failed to act in its official capacity may not be dismissed nor relief therein denied on the ground that it is against the United States. *Id.* In circumstances where the United States is named as a defendant, the court may issue a mandatory decree provided that it specifies the federal officer or officers by name or title, who

are personally responsible to comply with the order. *Id.* Therefore, pursuant to 5 U.S.C. § 703, the Plaintiffs may name the United States of America as a defendant and the Court may enter a decree against the FBI as long as the federal officer or officers who are responsible for complying with the order are named by Court.

**CONCLUSION**

The relevant statues and case law indicate that the FBI has a non-discretionary statutory duty to exchange and provide access to its criminal history records–which encompasses name checks–to USCIS. The statutes at issue are clear and unambiguous and for that reason the FBI can not simply refuse to process a name check request. Furthermore, the Court has jurisdiction to hear such cases if the United States were named as a defendant and can issue a judgment or decree against it, provided that the Court specifies a federal officer or officer by name or title who will be personally responsible to comply with the order. The Court has jurisdiction to hear such cases and to compel the Defendant FBI to perform its non-discretionary duty and complete the name check.

For the foregoing reasons, Plaintiffs respectfully request this Court deny Defendants' Motion to Dismiss as mandamus lies to compel the Defendants to take action, including the completion of the name check by the FBI.

Dated: October 22, 2007

Respectfully submitted,

Justin X. Wang, Esq.
Attorney for Plaintiffs